Edward S. Conway, J.
This is a petition by the Oil Heat *643 Institute of Long Island, Inc. (OHI), for a judgment pursuant to CPLR article 78 annulling an order of the respondent Public Service Commission (PSC) in Case No. 26913 which ordered the adoption of certain insulation standards for the construction of residential buildings.
The respondent PSC cross-moves for an order dismissing the petition on the ground that the petitioner lacks the requisite standing to obtain judicial review of the matter here to be reviewed.
By order dated August 13, 1976, respondent PSC adopted certain minimum insulation standards for the construction of residential buildings. Respondent further ordered that builders of such new residences issue a certificate of compliance with said insulation standards to the appropriate utility, prior to the utility’s attachment for electric service, and further ordered that the utility shall have the right to refuse attachment for electrical service or to disconnect such service upon a determination by the utility that a structure fails to comply with the insulation standards. Similar standards had previously been adopted for new gas heating service and were superseded by the standards adopted in the instant proceeding.
Petitioner OHI is a trade association representing 300 home heating oil dealers in Nassau and Suffolk Counties, and respondent contends that petitioner does not satisfy the "zone of interest” test formulated by the courts to ascertain the petitioner’s status or standing.
The court cannot agree with this contention of the respondent. In Matter of Dairylea Co-op. v Walkley (38 NY 2d 6), a case cited by both sides, the New York Court of Appeals said at page 9: "The 'zone of interest’ test was formulated to ascertain the petitioner’s status without necessarily dealing with the merits of the litigation. A petitioner need only show that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected by the statute.”
Here, the adoption of the insulation standards ordered by the PSC will affect a substantial number of petitioner’s customers. Every builder of a new residential structure which uses a fuel oil heating system must comply with the insulation standards. If Long Island Lighting Company, petitioner’s main competitor in the space heating business, determines that a
*644 builder has failed to comply with the newly adopted insulation standards, it must refuse to attach electric service to the fuel oil heated residential structure built by such builder, thereby resulting in an economic loss to petitioner. The claim of economic injury caused by the business practices of a competitor is sufficient to confer standing (Columbia Gas of N.Y. v New York State Elec. & Gas Corp., 28 NY2d 117).
The motion of the respondent PSC to dismiss the petition is therefore denied, and the PSC is permitted to serve its answer to the petition within 20 days of service of a copy of the order with notice of entry.