In the Matter of NEW YORK TELEPHONE COMPANY, Respondent, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant.

Third Department, August 4, 1977

*Peter H. Schiff (Frank S. Robinson* of counsel), for appellant.

*George E. Ashley, Raymond F. Burke* and *Gerald M. Oscar*

*(Davis, Polk & Wardwell [Lawrence E. Walsh* of counsel]), for respondent.

*DeGraff, Foy, Conway & Holt-Harris (Algird F. White, Jr.,* and *Michael T. Wallender* of counsel), for New York State Council of Retail Merchants, Inc., *amicus curiae.*

MAIN, J. Pursuant to section 92 of the Public Service Law, petitioner filed with respondent, on November 17, 1976, tariff revisions designed to increase its gross annual operating revenues by $392.9 million and scheduled to take effect on December 18, 1976. Thereafter, respondent considered the filing and concluded, without benefit of a hearing, that it was not reasonably complete, that it did not conform with respondent's findings in earlier proceedings and that it did not provide even a prima facie justification for the proposed rate changes. Accordingly, on December 14, 1976, it issued an "order directing postponement or cancellation of tariff filing" wherein it was provided that the filing would be dismissed on the merits, effective December 18, 1976, unless petitioner agreed to postpone the effective date thereof to 30 days after it supplemented the filing sufficiently to conform to the requirements of the order. Under protest and without any waiver of its rights, petitioner then elected to file tariff supplements on December 17, 1976 and December 30, 1976 and, contending that respondent lacked the authority to reject the original filing without a hearing or to direct the postponement of the proposed tariffs beyond the statutory 10-month maximun period from the originally proposed effective date, i.e., December 18, 1976, it likewise moved, on December 20, 1976, for a rehearing on respondent's December 14, 1976 order. By order dated December 30, 1976, respondent accepted the tariff supplements on the condition that petitioner remedy deficiencies in its filing by January 14, 1977, which it did, and further indicated that hearings on the filing would commence shortly after the beginning of the statutorily provided suspension period on January 29, 1977. Petitioner's motion for a rehearing was formally denied by respondent's order issued January 21, 1977.

On January 7, 1977, petitioner instituted the present proceeding to challenge respondent's order of December 14, 1976, and Special Term ultimately annulled the order and ruled that the 10-month suspension period specified in subdivision 2 of section 92 of the Public Service Law "shall be deemed * * *

to have taken effect on December 18, 1976", the date originally set by petitioner, rather than on January 29, 1977. In so ruling, it held (1) that the order in question was a final determination within the meaning of CPLR 7801 (subd 1); (2) that petitioner's motion for a rehearing had been effectively denied by respondent's order of December 30, 1976, and, therefore, the commencement of this proceeding was not premature; and (3) that the order of December 14, 1976 was contrary to the provisions of subdivision 2 of section 92 of the Public Service Law and, consequently, respondent lacked the power to issue such an order. Respondent now appeals.

Considering initially the question of whether or not respondent had the statutory power to issue the challenged order, we agree with Special Term that it did not. It is well settled that respondent has only those powers conferred upon it by the Legislature and such other powers as are incidental thereto or necessarily implied therefrom (Matter of Niagara Mohawk Power Corp. v Public Serv. Comm. of State of N.Y., 54 AD2d 255). In this instance where a "major change" in utility rates has concededly been proposed, that statute explicitly requires that respondent "shall hold * * * a hearing" concerning the propriety of the change (Public Service Law, § 92, subd 2) prior to making an appropriate order in reference thereto. The statute contemplates a full public hearing (see Governor's Memorandum of Approval, NY Legis Ann, 1970, pp 480-481. See, also, New York Tel. Co. v Public Serv. Comm. of State of N.Y., 29 NY2d 164) and this obviously mandates more than merely a review by respondent and its staff of petitioner's written filing and a summary dismissal thereof (cf. Willmut Gas & Oil Co. v Federal Power Comm., 294 F2d 245, cert den 368 US 975). In our view, all interested parties must be permitted to call and cross-examine witnesses and to rebut adverse claims, and in this manner any deficiencies in petitioner's original filing might well be cured while avoiding further needless delay. It is not enough to argue that consumers, for whose benefit and protection the public hearing was designed, are protected here by respondent's rejection of the original filing because the public has a vital interest not only in rates that are not excessive, but also in rates that enable a utility to provide adequate service and, consequently, even a proposed rate increase should not be denied without an opportunity for the public to be heard (see 1 NY Jur., Administrative Law, § 131). Finally, we would point out that respondent

is empowered to suspend proposed new rates for a maximum period of 10 months beyond the effective date proposed by petitioner, i.e., December 18, 1976 (Public Service Law, § 92; subd 2; *Matter of New Rochelle Water Co. v Public Serv. Comm. of State of N.Y.,* 38 AD2d 375, affd 31 NY2d 397), but that, pursuant to its order of December 14, 1976, it impermissibly seeks to extend the suspension for a longer period, i.e., 10 months beyond January 29, 1977.

In conclusion, we find that Special Term properly resolved two procedural issues raised by respondent. Since respondent's order of December 30, 1976 effectively denied the relief sought by petitioner in its motion for a rehearing, i.e., a direction that the 10-month suspension period was to be deemed to have commenced on December 18, 1976, the present proceeding was not instituted prematurely on January 7, 1977. Similarly, petitioner was entitled to have either its proposed rate increase become effective or the statutory suspension period begin on December 18, 1976, and, pursuant to the December 14, 1976 order, respondent refused to permit either alternative to happen and later denied petitioner a rehearing on the matter. Accordingly, the challenged order was a final determination within the meaning of CPLR 7801 (subd 1).

The judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, SWEENEY and MAHONEY, JJ., concur.

Judgment affirmed, without costs.