■ In the Matter of OIL HEAT INSTITUTE OF LONG ISLAND, INC., Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered January 18, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, on the ground that petitioner lacked the requisite standing to maintain the instant proceeding. In this article 78 proceeding, petitioner, a trade association representing some 300 home heating oil dealers on Long Island, challenges the validity of special permission order G-1950 of the Public Service Commission, pursuant to which the Long Island Lighting Company, petitioner's largest competitor in the home heating business on Long Island, is permitted to provide a free 75 feet of service lateral gas connections to new

residential space heating customers and to charge new residential nonspace heating customers for the same 75 feet of service lateral connections. Finding that petitioner lacked the necessary standing to maintain the proceeding, Special Term dismissed its petition, and this appeal ensued. Petitioner's sole contention on this appeal, i.e., that it has standing to challenge respondent's special permission order because as a consequence thereof it will suffer economic injury resulting from discrimination prohibited by the Public Service Law, is without any merit. As Special Term correctly found, the crux of petitioner's claim is that it will suffer competitive injury because of the challenged order, and the Court of Appeals has expressly stated that "competitive injury, of itself, will not confer standing" (Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 11). Moreover, petitioner has cited no statute indicating that the Legislature intended to prevent competition of the type which might occur here or that the interests of independent local oil dealers were among those to be protected by the Public Service Law, and, under these circumstances, the court properly concluded that petitioner did not have the necessary standing to maintain the instant proceeding (cf. Matter of Dairylea Coop. v Walkley, supra; Matter of Bank v Allen, 35 AD2d 245). Judgment affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.