In the Matter of BROOKLYN UNION GAS COMPANY, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, December 6, 1979

172

APPEARANCES OF COUNSEL

*Cullen & Dykman (F. Peter O'Hara* of counsel), for petitioner.

*Peter H. Schiff (John C. Crary* and *Charles R. Gibson* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J.

At issue in this proceeding are a series of orders emanating from the Public Service Commission (commission) to implement the Home Insulation and Energy Conservation Act (L 1977, ch 858, Public Service Law, §§ 135-a to 135-n) (Act).

There is little argument with the proposition that the power of the commission is limited to those powers which are conferred specifically upon it by the Legislature *(Matter of Village of Boonville v Maltbie,* 272 NY 40). This authority includes the power to effectively carry out its mandate *(People ex rel. Municipal Gas Co. of City of Albany v Public Serv. Comm.,* 224 NY 156). Under authority of the Act, the commission has required petitioner and other electric and gas utilities in New York State to loan money to their customers for energy conservation purposes, in amounts up to $3,000, to be cost repaid in a seven-year period.

Petitioner challenges several aspects of the commission's orders. It is urged by petitioner that the power granted to the commission by the Act needs to be narrowly construed as it represents a departure from traditional duties of the commission and because the Act utilizes the power companies in implementing a public policy to the detriment of the petitioner and to the detriment of its ratepayers. A perusal of this Act discloses that its language is broad in sweep and in its description of the powers and duties of the commission to achieve the purposes of the legislation. This belies petitioner's argument in support of a narrow construction of the Act. The Legislature chose to state the purpose of the Act in general terms, leaving to the commission implementation of its purposes. There are powers necessarily implied in such a broad grant *(Matter of City of New York v State of New York Comm. on Cable Tel.,* 47 NY2d 89).

■ The first ruling of the commission which petitioner takes issue with involves the requirement of an audit to determine eligibility for financing under the Act. It is urged by petitioner that the Act requires a "Type A" audit as a prerequisite to financing and that the order of the commission to the contrary, permitting the use of other types of audit, namely, those prepared by the applicant or for him, are in direct contravention of the statute. We disagree. The only reference to a "Type A" audit in the Act is found in section 135-f. That section requires that each utility conduct an energy audit upon the request of an eligible customer. The commission has concluded that the only statutory prerequisite for financing, other than the eligibility of the customer and the nature of the building, is the payback limit and, that for purposes of economy, other audits were indicated. We agree. The Legislature could have expressed its intention that audits conducted by utilities be a prerequisite to financing very simply had that been its intention. In the absence of language to that effect, we conclude that the commission's order was rational and based on substantial evidence and must be sustained (*Matter of Tri-City Tel. Co. v Kahn,* 49 AD2d 126, mot for lv to app den 38 NY2d 708).

■ Petitioner challenges, as well, the commission's order requiring it to include a specific conservation measure in its home conservation plan, namely, gas burner derating devices (retrofit furnace efficiency modification devices) and ignition devices as soon as the American National Standards Institute issues standards or guidelines for installation which are approved by a recognized testing laboratory. The petitioner contends that this exceeds the authority of the commission since the inclusion of any specific energy conservation measure is voluntary. It is urged that the Legislature did not provide that a utility had to include all of the energy conservation measures listed in section 135-b of the Act and, consequently, the commission is powerless to order the inclusion of any specific measures beyond those chosen voluntarily by petitioner. Respondent urges that the order of the commission is not ripe for review as the order will not be implemented until national standards are promulgated. The order of the commission is final and, therefore, we deem it reviewable (*Matter of Tri-City Tel. Co. v Kahn, supra*). We do not, however, agree with petitioner's restricted interpretation of the Act as to the authority of the commission to approve

energy conservation plan. A reading of the Act leads to the conclusion that the commission has the requisite power to add to conservation plans. If the utilities were left to their own choice, the purposes of the legislation might well be frustrated. The Act gives the commission power to issue orders as may be necessary or appropriate for implementation of the Act. The commission also has the power of approval of the plans submitted by the utilities (Public Service Law, § 135-d, subd 1; § 135-j, subd 1; § 135-b, subd 4, par [g]). We conclude that the commission does have the power in its approval of conservation measures proposed by a utility to order the inclusion of additional measures.

■ Petitioner interprets the orders of the commission of April 28, 1978 and July 6, 1978 to require the use of nonlisted contractors, and urges that such orders are in contravention of section 135-h of the Act and that the utility need not finance installations performed by contractors not on the qualified list. Section 135-h of the Act sets out the conditions of installation. That section says that the customer shall have the option of any of three installation methods. The customer may do the work himself, he may have the utility do it or he may use a contractor and/or supplier of the customer's choice whose name appears on a list of qualified contractors and/or suppliers maintained and periodically updated by the utility. We agree with petitioner that its obligation is circumscribed by this section and conclude that a contractor chosen by a customer is not eligible for participation in the program unless he is listed on a qualified contractors list.

■ Finally, the petitioner contends that the method of payback calculation is in direct contravention of the terms of subdivision 3 of section 135-c of the Act, which provides: "[T]he estimated cost of such projects must be recovered within seven years from savings generated by reduced energy consumption resulting from such projects."

The commission's April 28, 1978 order adopted an eight-year payback period as the proper period for use in calculating eligibility for financing. The commission's reasoning for the adoption of a longer period is premised on unavoidable errors occurring in predictions of conservation savings and that a payback estimate of eight years is sufficient to satisfy the seven-year statutory requirement. Such order cannot stand. It clearly contravenes the Act. Even if payback estimates are considered subject to margins of error, there is no authority to

permit an eight-year estimate to satisfy the clear language of the statute.

The determinations should be modified by annulling so much thereof as (1) allows eligible customers to use contractors which are not included on petitioner's list of qualified contractors and (2) requires petitioner to make financing available to customers whose energy conservation measures fail to meet the statutory seven-year payback period, and, as so modified, confirmed, without costs.

SWEENEY, J. P., KANE, STALEY, JR., and HERLIHY, JJ., concur.

Determinations modified by annulling so much thereof as (1) allows eligible customers to use contractors which are not included on petitioner's list of qualified contractors and (2) requires petitioner to make financing available to customers whose energy conservation measures fail to meet the statutory seven-year payback period, and, as so modified, confirmed, without costs.