In the Matter of OIL HEAT INSTITUTE OF UPSTATE NEW YORK et al., Appellants, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered December 2, 1981 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Public Service Commission approving the home conservation plan submitted by Rochester Gas & Electric Corporation. In order to promote energy conservation, the Legislature passed the Home Insulation and Energy Conservation Act (HIECA) in 1977, which charges the Public Service Commission (commission) with the administration of a program under which public utilities are to arrange for energy audits of residences and to finance the installation of specified energy conservation devices as part of the energy conservation program. In pursuance of the law, the commission is required, after hearing, to establish a home conservation plan for each utility (Public Service Law, § 135-c), and to set minimum criteria for energy conservation devices (Public Service Law, § 135-d). Oil burners are such devices (Public Service Law, §§ 135-e, 135-b, subd 4, par [d]; *Matter of Rochester Gas & Elec. Corp. v Public Serv. Comm.,* 71 AD2d 185, app dsmd 49 NY2d 1014, mot for lv to app den 51 NY2d 703). As the result of challenges by utilities to the initial program, this court ordered modifications which held that oil dealer participation could not be mandatory and that utilities themselves were required to be responsible for performance of audits using their own employees or qualified agents (see *Matter of Rochester Gas & Elec. Corp. v Public Serv. Comm., supra; Matter of Brooklyn Union Gas Co. v Public Serv. Comm.,* 71 AD2d 171). Oil dealers were permitted to continue to provide evidence on technical matters and participate voluntarily (*Matter of Rochester Gas & Elec. Co. v Public Serv. Comm., supra*). On September 24, 1980, the commission, without holding a public hearing, approved a revised plan submitted by Rochester Gas & Electric Co. which included technical criteria different from those previously approved. The commission, in a March 12, 1981 order, denied petitioners' request for reconsideration of the Rochester Gas revised plan. Special Term dismissed petitioners' article 78 proceeding, commenced to review the commission's determination, on the ground of lack of standing, without ruling on the merits of the petition. This appeal ensued. We hold that Special Term erred in dismissing the petition upon a finding that petitioners lacked standing. Courts have expanded the category of those who may challenge administrative actions (*Boryszewski v Brydges,* 37 NY2d 361), and standing will not be denied absent clear legislative intent to the contrary (*Long Is. Coll. Hosp. v Catherwood,* 23 NY2d 20). Petitioners must only demonstrate injury in fact sustained and an interest sought to be protected which is "arguably within the zone of interests to be protected or regulated by the statute" (*Matter of Dairylea Coop. v Walkley,* 38 NY2d 6). Here, the operative effect of the statute compels compliance with utility requirements for both customers and oil heating contractors (Public Service Law, § 135-d, subd 6; § 135-e, subd 1; § 135-g, subd 1). Utilities may refuse approval of any conservation device (Public Service Law, § 135-e, subd 1), and thus have control which will affect both petitioners and their customers, having an obvious effect on petitioners' economic gain or loss. Accordingly, there is sufficient injury (see *Matter of Oil Heat Inst. of Long*

*Is. v State of New York Public Serv. Comm.,* 89 Misc 2d 642; see, also, *Columbia Gas of N. Y. v New York State Elec. & Gas Corp.,* 28 NY2d 117). It cannot be gainsaid that petitioners have passed the "zone of interest test" for they have sufficiently demonstrated that the administrative action will in fact have a harmful effect upon them and that their interest is, at least, arguably within the zone of interest to be protected by the statute (*Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 346; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9, *supra*). The second prong of the standing test has similarly been passed in that the Legislature chose to include oil heating devices within the scope of HIECA (Public Service Law, § 135-b, subd 4; § 135-c, subd 2), and respondent commission has made several orders which directly regulate oil heating devices in implementation of the statute. In view of the unequivocal declarations of legislative intent, respondents' argument that petitioners lack standing simply cannot withstand analysis (*Matter of Rochester Gas & Elec. Corp. v Public Serv. Comm.,* 71 AD2d 185, *supra;* see *Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 346, *supra; Matter or Dairylea Coop. v Walkley,* 38 NY2d 6, 11, *supra*). Our decision in *Matter of Oil Heat Inst. of Long Is. v Public Serv. Comm.* (72 AD2d 828) is not to the contrary, for here petitioners have indeed demonstrated legislative intent to include the oil heating industry within the scope of HIECA. Petitioner Huberlie, however, having demonstrated only that his utility rates may be affected in no more than a *de minimus* manner, failed to prove standing and dismissal as to him was proper. Petitioners argue that respondents' order of September 24, 1980, approving the revised plan submitted by Rochester Gas & Elec. Corp. establishing the technical criteria for oil heat equipment audits, constituted either a new proposal or an amendment of a prior submission, either of which required the commission to hold a public hearing (Public Service Law, § 135-c, subd 1; § 135-e, subd 1; State Administrative Procedure Act, § 202, subd 1). We find respondents' contentions that petitioners waived their right to challenge the revised plan by failing to object to the adoption of new criteria to be without merit. HIECA contains two separate hearing requirements (Public Service Law, § 135-c, subd 1; § 135-e, subd 1). It is clear that respondent's order, approving the revised plan submitted by Rochester Gas & Elec. Corp. which contained changes in the technical criteria, did not follow a public hearing. The changes deviated substantially from the technical criteria previously in place which petitioners had every right to expect would be continued in the absence of notice and opportunity to be heard at a public hearing. The commission's order, based upon approval only of a memorandum from its staff, failed to meet the statutory requirement, and is thus void (*Matter of Foy v Schecter,* 1 NY2d 604; *Matter of New York Tel. Co. v Public Serv. Comm.,* 59 AD2d 17, 19). We therefore hold that respondents' failure to comply with the provisions of HIECA requires us to reverse the judgment of Special Term, annul respondents' order of September, 1980, and remit the matter to the commission for further proceedings in accordance with that statute (see *Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury,* 79 AD2d 337, 341). Judgment modified, on the law, by reversing so much thereof as dismissed the petition as against petitioners Oil Heat Institute of Upstate New York, Empire State Petroleum Association, Inc., and Hub Oil Company, Inc., petition granted and determination annulled, and matter remitted to respondent Public Service Commission for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Main, Weiss and Levine, JJ., concur.