In the Matter of JAMES R. SUMMERSON et al., Respondents, v J. ROGER BARBER, as Commissioner of the New York State Department of Agriculture and Markets, Appellant.

In the Matter of TAYLOR WINE COMPANY, INC., Respondent, v J. ROGER BARBER, as Commissioner of the New York State Department of Agriculture and Markets, Appellant.

Third Department. May 26, 1983

APPEARANCES OF COUNSEL

*Thomas G. Conway* for appellant.

*Taylor & Taylor (Daniel R. Taylor* of counsel), for James R. Summerson and others, respondents.

*Nixon, Hargrave, Devans & Doyle (William D. Eggers* of counsel), for Taylor Wine Company, Inc., respondent.

OPINION OF THE COURT

WEISS, J.

On March 31, 1981, the New York State Wine Grape Growers, Inc., petitioned the Commissioner of Agriculture and Markets, pursuant to section 294 of the Agriculture and Markets Law, for the establishment of a marketing order which would impose an assessment upon wine grapes produced in the Finger Lakes and Western production areas of New York State for use by wineries, the proceeds of which would be used to improve wine grape quality, marketing, and the promotion of New York State wines. On March 9, 1981, respondent gave notice of public hearings for the stated purpose of "considering the promulgation of a marketing order * * * to promote New York State wine grapes and to conduct research, advertising and informational services in relation thereto, and to collect monies for the support thereof". The notice described a referendum vote together with criteria required for passage. After the hearings at which Taylor Wine Company, Inc., did not participate, another notice accompanying the referendum ballot was sent which notice and proposed order differed from the one originally sent. The modification consisted of changing the definition of wine grapes from wine grapes *sold* to a winery to wine grapes *utilized* by a winery for use in wine making. The order provided for the establishment of an advisory board, the collection and remittance of the assessment by a winery purchasing grapes from a grower, or payment of the assessment by a winery which grows its own grapes for wine production. Of the 421 votes cast, 80 were disqualified by respondent, who determined that the petition approving the marketing order, as modified, had passed. The order filed October 1, 1981, had an effective date of August 15, 1981. Special Term, on these consolidated CPLR article 78 proceedings brought by petitioners, granted a judgment declaring the marketing order void. This appeal ensued.

■ Initially, we hold that Special Term erred in finding that respondent exceeded his statutory authority by including within the scope of the marketing order an assessment to be collected by a winery upon wine grapes purchased from a grower to be used in wine making or paid by a winery upon the value of wine grapes grown by it and used by such winery for wine making. In so holding, we recognize the well-established rules which limit the powers of an administrative agency to those expressly conferred by the enabling act or those necessarily implied therein (*Matter of City of New York v State of New York Comm. on Cable Tel.,* 47 NY2d 89). Agency promulgated rules and regulations may only implement the law in harmony with the statute (*State Div. of Human Rights [Valdemarsen] v Genesee Hosp.,* 50 NY2d 113), and reasonable acts designed to further the regulatory scheme will be upheld (*Matter of City of New York v State of New York Comm. on Cable Tel., supra,* p 92). Application of these guidelines requires us to hold that the Legislature granted to the commissioner the broad power to regulate every aspect of agricultural commodities grown in the State which affects the continued production of adequate food supplies, conditions which vitally concern the health, safety and general welfare of the people of the State (see Agriculture and Markets Law, § 294, subds [2], [3]). The legislative declaration in section 292 of that law must be read to include within its scope the stabilization of the marketing of agricultural commodities not only of those products grown in this State and sold to others, but also those products grown and utilized by growers in the manufacture of food and beverage products so long as those products affect the market. We observe that the Federal Government's power to regulate interstate commerce has been extended to include not only agricultural goods sold intrastate, but to include, as well, regulation of crops whether the subject of the regulation be production, consumption, or marketing, so long as the intended effect be in furtherance of the attainment of a legitimate end (see *Wickard v Filburn,* 317 US 111). Similarly, under Federal laws dealing with regulation of the purchase of agricultural commodities, no distinction is made between those who purchase and those who produce

their own goods, so long as the purpose of the act to establish orderly market conditions is effectuated (see *Ideal Farms v Benson*, 288 F2d 608, cert den 372 US 965). The same reasoning is required here because without such power, the commissioner would be unable to carry out the purposes of the act since the volume of self-grown products can directly affect the market price of an agricultural commodity. The definitions in section 293 of the Agriculture and Markets Law are sufficiently broad to include agricultural products grown for sale on the market as well as those utilized by a grower when the volume of such crop can affect the market price. Accordingly, we hold that respondent did not exceed his statutory powers in promulgating the marketing order.

■ We reach a different conclusion with respect to petitioners' contention that the marketing order was not promulgated in accordance with statutorily and constitutionally required due process requirements, and in so holding, affirm the determination by Special Term which voided the order for failure to follow proper procedure in its enactment. Because the order imposed an assessment upon grapes sold and/or utilized by a grower, it differed substantially from the order proposed in the hearing notice which described an assessment upon grapes sold to a winery for wine making. Marketing orders may be made and issued only after due notice and opportunity for hearing (Agriculture and Markets Law, § 294, subd [2]). The notice is required to state the *express terms* of the proposed rule. The notice given was not only inadequate, but in fact was misleading in that petitioner Taylor Wine Company, Inc., which did not sell wine grapes, could correctly presume itself to be without the terms of the proposed order, obviating the need for it to appear or participate in the hearings. The statutory requirement for *due* notice cannot, as respondent argues, be satisfied simply because petitioner Taylor *could* have expressed its opposition after the hearing in a written submission for staff review (see *Matter of New York Tel. Co. v Public Serv. Comm. of State of N. Y.*, 59 AD2d 17, 19, mot for lv to app den 42 NY2d 810). Nor may the fact that petitioners could have requested a second hearing alter our holding. While amendments which do not

introduce new matter but merely define or clarify an original proposed order do not require a second hearing, and a notice and comment procedure will suffice (see *Matter of Rochester Gas & Elec. Corp. v Public Serv. Comm. of State of N. Y.,* 71 AD2d 185, 191, app dsmd 49 NY2d 1046, mot for lv to app den 51 NY2d 703), amendments which substantially deviate from the original proposal will require a second hearing (see *Matter of Oil Heat Inst. of Upstate N. Y. v Public Serv. Comm. of State of N. Y.,* 90 AD2d 942, 943). Under Federal law, a second notice and public comment procedure is required when the changes have not been adequately framed for discussion in the original notice and proposal (see *Connecticut Light & Power Co. v Nuclear Regulatory Comm.,* 673 F2d 525, 533, cert den __ US __, 103 S Ct 79; *Spartan Radiocasting Co. v Federal Communications Comm.,* 619 F2d 314, 321). Similar reasoning compels the conclusion that the enlargement of the class of those subject to the assessment so substantially changed the scope of the proposed order as to require a second notice and opportunity to be heard at a hearing. Since respondent failed to comply with said statutory notice and hearing requirements, Special Term correctly held the marketing order to be void (see *Matter of Oil Heat Inst. of Upstate N. Y. v Public Serv. Comm. of State of N. Y.,* 90 AD2d 942, 943, *supra).*

Having thus held, it is unnecessary to reach respondent's remaining contentions.

The judgment should be affirmed, with costs.

MAHONEY, P. J., SWEENEY, KANE and CASEY, JJ., concur.

Judgment affirmed, with costs.