OPINION OF THE COURT
D. Bruce Crew, III, J.
Petitioners commenced this CPLR article 78 proceeding to challenge the designation by the Binghamton Urban Renewal Agency (BURA) of Sarbro Realty Corporation (Sarbro) as a qualified and eligible sponsor for the development of urban renewal site 5A, property which is owned by BURA. They also challenge the approval by the Binghamton City Council (City) of the sale by BURA of that property to Sarbro. Finally, petitioners seek review of BURA’s and the City’s refusal to consider petitioner Barnes’ proposal for development of that site. At this juncture the court has before it the objections in point of law asserted by the City in its answer to the petition and the same objections raised by Sarbro prior to its answer (CPLR 7804 [f]).
This sale of parcel 5A by BURA to Sarbro is governed by General. Municipal Law § 556 (2), which expressly adopts the *860 requirements of General Municipal Law § 507 (2). The latter provides for the sale of urban renewal sites
“for the effectuation of any of the purposes of the urban renewal program in accordance with the urban renewal plan: * * *
“(d) to any * * * corporation designated by the agency as a qualified and eligible sponsor * * * without public auction or sealed bids, provided * * * (2) that such sale, lease or other disposition be approved by the governing body after a public hearing held not less than ten days after the publication of such notice” (General Municipal Law § 507 [2]).
The provisions of section 507 (2) are the sole statutory constraints since the section specifically states that its terms govern “[n]otwithstanding anything to the contrary contained in this article and notwithstanding the provisions of any general, special or local law applicable to the sale of real property by a municipality”.
Pursuant to the dictates of section 556 (2) the only relevant acts are BURA’s designation of Sarbro as a qualified and eligible sponsor and the ordinance passed by the City Council approving the disposition of site 5A to Sarbro. Since the statute requires the corporation to be designated as a qualified and eligible sponsor only by the agency, the City’s act of approving Sarbro as a qualified and eligible sponsor is without legal or practical significance, and hence not reviewable by the court. Likewise, there can be no review of BURA’s decision to sell site 5A to Sarbro for a hotel except insofar as such was a necessary aspect of the designation of Sarbro as a qualified and eligible sponsor.
Petitioner Stone is the owner of a business in the City of Binghamton, owns real property in the City and pays City taxes. He objected to the proposed sale to Sarbro at the public hearing held by the City. Petitioners Olmstead and Larkin are “residents or businessmen within the City * * * and are adversely affected”. Petitioner Barnes is not a resident of the City, but is a developer who proposes to buy site 5A and there construct a housing complex.
Respondents contend that none of the petitioners have standing to challenge either BURA’s designation of Sarbro or the City’s approval of the proposed disposition. For petitioners to have standing they “must only demonstrate injury in fact sustained and an interest sought to be protected which is ‘arguably within the zone of interests to be protected or regulated by the statute’ (Matter of Dairylea Coop. v Walkley, 38 NY2d 6)” (Matter of Oil Heat Inst. v Public Serv. Commn., 90 AD2d 942).
*861 The conclusory statement that Olmstead and Larkin are adversely affected is bereft of any factual support and hence fails to provide any basis for a finding that they have suffered an injury in fact. They have no standing simply from their status as businessmen or residents of the City. There is no allegation that either of them is a taxpayer, the sine qua non for either a statutory or common-law citizen taxpayer action (Weimer v Board of Educ., 52 NY2d 148, 153).
Stone has not alleged that he has suffered any injury in fact, but claims standing as a taxpayer under the expanded standing concepts of Boryszewski v Brydges (37 NY2d 361) and Wein v Carey (41 NY2d 498). Those cases permitted a citizen taxpayer to challenge a revenue raising and a revenue expending act, respectively (see, Matter of Urban League v County of Monroe, 49 NY2d 551, 554). Standing was accorded to the taxpayer because the failure to do so would have in effect erected an impenetrable barrier to judicial scrutiny (see, Boryszewski v Brydges, supra, at p 364). The barrier to standing existing prior to those cases was that the taxpayer suffered no personal injury from the acts sought to be challenged, i.e., his position was no different from that of any other taxpayer. Although it has been noted that “the kind of taxes paid that will qualify a citizen to bring a common-law action have been assumed rather than fully articulated” (Weimer v Board of Educ., supra, at p 153), the court believes it is implicit that the plaintiff’s status as taxpayer must be arguably implicated by the act sought to be challenged. Where no such nexus exists standing will be denied. Thus “standing of citizen taxpayers * * * does not extend so far as to allow judicial scrutiny of the nonfiscal activities of the agencies of municipal government (Matter of Urban League of Rochester, N. Y. v County of Monroe, 49 NY2d 551, 556)” (Leichter v Barber, 88 AD2d 1029, 1030). That the act challenged aggrieves the complainant in his status as taxpayer is a necessary requirement to insure that the potential litigant has “the kind of interest that leads to full and vigorous presentation and exploration of the issues involved” (Matter of Burke v Sugarman, 35 NY2d 39, 44).
Stone therefore does not have standing to challenge BURA’s designation of Sarbro since such act bears no discernible nexus to his status as a taxpayer of the City of Binghamton. BURA is not an agency or governmental subdivision of the City but is an independent corporate body established by the State Legislature (General Municipal Law § 572). Nor can he challenge the City’s approval of the sale because such approval fails to implicate any interest of his as a taxpayer. The disposition by BURA will remove the current tax exemption accorded the property pursu *862 ant to General Municipal Law § 560. However, even assuming, arguendo, that the indirect effect of raising additional tax revenue for the City renders this a fiscal act, this taxpayer would not have standing because he can in no manner claim to be aggrieved by that indirect revenue raising consequence of the act.
Barnes’ claim to standing is based on an alleged economic injury by being deprived of the opportunity to purchase and develop site 5 A. BURA’s designation of Sarbro as a qualified and eligible sponsor cannot be said to have caused him any injury since such designation did not prevent a similar designation being accorded to him nor did it confer upon Sarbro any preference (9 NYCRR 1802.4). Obviously the same cannot be said for the sale of the site to Sarbro.
Where competitive bidding is required for a municipal contract, e.g., General Municipal Law § 103, an unsuccessful bidder has standing to challenge a municipality’s actions (see, Matter of Dictaphone Corp. v O’Leary, 287 NY 491; Matter of Lauvas v Town of Bovina, 86 AD2d 694; Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD2d 337; Matter of Allen v Eberling, 24 AD2d 594). In such instances the municipality is required to award the contract to the lowest responsible bidder. One claiming that status has standing because an award of the contract to another would be in violation of his right to be granted the contract. Similarly, one claiming that improper procedure denied him the opportunity to be the lowest responsible bidder also has standing (see, Matter of Fischbach & Moore v New York City Tr. Auth., 79 AD2d 14; Elia Bldg. Co. v New York State Urban Dev. Corp., supra). But here there is no competitive requirement or any status that Barnes could claim which would entitle him to compel a disposition of the site to him. A court mandate directing a municipality or an urban renewal agency to accept a particular developer’s proposal for an urban renewal site, even if the proposal accords with the general dictates of the urban renewal plan, would impermissibly usurp the functions and responsibilities which have been entrusted to those bodies (cf. Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo, 64 NY2d 233; Matter of Abrams v New York City Tr. Auth., 39 NY2d 990). Under these circumstances the disposition of the parcel to Sarbro did not offend any interest or right Barnes arguably might have under the urban renewal law. Although the Legislature recognized that the encouragement of private enterprise is necessary to effectuate the purposes and policies of the urban renewal law (General Municipal Law § 501), it nevertheless provided for this type of disposition without public auction or sealed bids, requiring but a public hearing *863 prior to local legislative approval. The court thus concludes that Barnes as a rival developer does not have standing to present these claims.
Since the disposition of site 5A to Sarbro has been approved by the City and cannot be here contested, the final complaint raised by petitioners, that BURA and the City have arbitrarily and capriciously refused to consider Barnes’ proposal for that site, must be deemed to be moot.
Accordingly, the petition is dismissed.