■ BERNICE SIEGAL, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.—Motion by the appellant for reargument of an appeal from a judgment of the Supreme Court, Queens County (Corrado, J.), dated August 17, 1987, which was decided by decision and order of this court dated July 25, 1988.

Ordered that the motion is granted, the decision and order of this court dated July 25, 1988 is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 78 converted into an action for judgment declaring that 9 NYCRR 2522.4 (a) in its entirety and so much of 9 NYCRR 2524.3 (b) as reads: "the tenant engages in a course of conduct, the primary purpose of which is intended to harass the owner or other tenants or occupants of the same or an adjacent building or structure by interfering substantially with their comfort or safety" are null and void and that they be stricken from the Rent Stabilization Code (9 NYCRR part 2520), the defendant New York State Division of Housing and Community Renewal (hereinafter DHCR) appeals from stated portions of a judgment of the Supreme Court, Queens County (Corrado, J.), dated August 17, 1987, as declared those provisions null and void.

Ordered that the judgment is modified, on stipulation of the parties, by adding to the third decretal paragraph after the phrase thereof "Section 2522.4 (a)" the number "(3)"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondent.

In this proceeding, which has been converted into an action for a declaratory judgment, Bernice Siegal sought a declara-

tion of the invalidity of certain sections of the Rent Stabilization Code which became effective May 1, 1987. She challenged provisions in the proposed Rent Stabilization Code noticed for adoption in January 1987, in particular a portion of 9 NYCRR 2524.3 (b) and 9 NYCRR 2522.4 (a), on the ground that they had not been the subject of a public hearing as required by Laws of 1985 (ch 888). By stipulation dated August 9, 1988, the parties agree to limit the challenge to 9 NYCRR 2522.4 (a) to paragraph (3) thereof.

Laws of 1985 (ch 888) empowers only the Commissioner of the DHCR to promulgate amendments, provided that prior to the adoption of any such amendments, the proposals are submitted for certain departmental review and comments, revisions are made, and thereafter a public hearing is held on the proposed amendments.

In addition, Laws of 1985 (ch 888) continues the requirement that all such provisions are subject to the State Administrative Procedure Act. The relevant statute is State Administrative Procedure Act § 202 which sets forth requirements of publication in the New York State Register prior to adoption of proposed rules to afford the public an opportunity to comment on them. The requirement for publication does not preclude the initiation of a public hearing with respect to any proposed rule, but notice must be published in the New York State Register in advance of the hearing. The statute details the information to be included in the notice and the time frame for its publication. A notice of proposed rulemaking may expire unless the rule is either adopted or the notice is continued in accordance with procedures described in that section.

Subsequent to hearings in April 1986 pursuant to State Administrative Procedure Act § 202, the DHCR published in the State Register of October 1, 1986 a "Notice of Continuation—No Hearing Scheduled" of the proposed code considered at the hearings. It published another such notice in the January 7, 1987 edition. Only the latter notice included the two provisions here challenged, and not in their entirety.

The DHCR contended that it had fully complied with Laws of 1985 (ch 888) and State Administrative Procedure Act § 202 by virtue of the two-day public hearing in April 1986 and the notices published in the New York State Register. The public had an additional opportunity to be heard, according to the DHCR, at a hearing held by the New York State Senate Democratic Task Force on Rental Housing on February 25, 1987. Further, the DHCR deemed the language added to 9

NYCRR 2524.3 (b) to be no more than a clarification of a proposal which existed prior to the April 1986 hearing and the language added to 9 NYCRR 2522.4 (a) (3), merely a procedural change.

9 NYCRR 2522.4 (a) (3) (iii), found only in the January 1987 version of the proposed Rent Stabilization Code, provides that an owner who on the effective date of the code has an application pending before the DHCR for a rental increase directly related to a major capital improvement, may begin to collect such an increase provided there has been compliance with the requisite procedures.

The prehearing versions of 9 NYCRR 2524.3 (b) provided, in relevant part: "[the tenant's] conduct is such as to interfere substantially with the comfort or safety of the owner or of other tenants or occupants of the same or other adjacent building or structure". The version proposed in January 1987 provided, as follows: "the tenant engages in a course of conduct, the primary purpose of which is intended to harass the owner or other tenants or occupants of the same or an adjacent building or structure by interfering substantially with their comfort or safety".

The Supreme Court granted judgment in favor of Bernice Siegal and declared null and void 9 NYCRR 2522.4 (a) in its entirety, and so much of the January 1987 version of 9 NYCRR 2524.3 (b) as is quoted above. The court relying, *inter alia*, on *Matter of Summerson v Barber* (93 AD2d 652, *lv denied* 60 NY2d 555), stated that although "there is no statutory rule requiring a second public hearing", after changes have been made in response to the first public hearing, where, as here, amendments substantially deviate from the original proposal, a second hearing is required. We modify the judgment to limit its effect to 9 NYCRR 2522.4 (a) (3) and the above-quoted portion of the January 1987 version of 9 NYCRR 2524.3 (b). The judgment is otherwise affirmed insofar as appealed from but for reasons other than those set forth by the Supreme Court.

Laws of 1985 (ch 888) empowers only the Commissioner of the DHCR to promulgate amendments provided that, prior to the adoption of any such amendments, the proposals are to be submitted for certain departmental review and comments, revisions thereon may be made, and thereafter a public hearing is to be held on the proposed amendments. The governing statute in *Matter of Summerson v Barber (supra)* differs from Laws of 1985 (ch 888). Controlling there is Agriculture and

Markets Law § 294 which provides the Commissioner of Agriculture and Markets great flexibility in fashioning marketing orders after due notice and opportunity for a hearing, subject to approval by affected parties.

There is no question that the proposed Rent Stabilization Code sections at issue substantially deviate from the original proposal and a second hearing is required. In addition to the substantial changes made throughout 9 NYCRR 2522.4 (a) (3), 9 NYCRR 2522.4 (a) (3) (iii) was an entirely new proposal as of January 1987 and was not merely a procedural change. It permits an owner to begin to collect increased rents for major capital improvements prior to a final determination by the DHCR that they are warranted.

Further, contrary to the contentions of the DHCR, 9 NYCRR 2524.3 (b) adds new, undefined language which could increase the ability of the owner to evict the tenant even where the intentional conduct serves a legitimate purpose.

Based upon the plain language of Laws of 1985 (ch 888) the DHCR failed to comply with statutory hearing requirements. It is axiomatic that where the language of a statute is clear on its face the court need go no further for its interpretation. Here, the statute clearly provides that amendments to the code must be promulgated solely by action of the Commissioner of the DHCR and, prior to the adoption of any such amendments, there must be a public hearing on the proposed amendments. Thus, 9 NYCRR 2522.4 (a) (3) and the challenged language in 9 NYCRR 2524.3 (b) must fall since no hearing was held at which they were presented for public debate. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.