In the Matter of MCI TELECOMMUNICATIONS CORPORATION, Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, July 18, 1991

APPEARANCES OF COUNSEL

*Richard E. Haftel, P. C. (Richard E. Haftel, Richard H. Dolan, William E. Erickson* and *Richard C. Fipphen* of counsel), and *Schlam Stone & Dolan* for appellant.

*William J. Cowan (Jonathan D. Feinberg* of counsel), for Public Service Commission of State of New York, respondent.

*Kellner, Chehebar & Deveney,* and *Harry M. Davidow* for AT&T Communications of New York, Inc., respondent.

**OPINION OF THE COURT**

YESAWICH JR., J.

On July 14, 1989, respondent AT&T Communications of New York, Inc. sought approval from respondent Public Service Commission (hereinafter the PSC) to revise its tariff schedules to include "special pricing arrangements". These amendments would permit AT&T to negotiate individualized case-pricing contracts. At the suggestion of the PSC's staff, the proposed tariff was further revised to provide that these rates were to "be made available to similarly situated customers on a non-discriminatory basis".*

Petitioner and another common carrier commenced CPLR article 78 proceedings to annul the PSC's approval of the tariff revisions. Supreme Court denied the applications, and petitioner alone has appealed.

Although petitioner advances several arguments, one is dispositive, making it unnecessary to confront the remainder. The Public Service Law declares in relevant part that "every telephone corporation shall print and file with the commission schedules showing all rates, rentals and charges for service * * *. Such schedule shall plainly state * * * all charges * * *. Such schedule shall be plainly printed and *kept open to public inspection"* (Public Service Law § 92 [1] [emphasis supplied]). Any rate changes are to "be plainly indicated upon the schedules filed" (Public Service Law § 92 [2] [b]; *see generally, City of New York v New York Tel. Co.,* 115 Misc 262, 267, *affd without opn* 202 App Div 796, *affd* 236 NY 615). Moreover, "[n]o utility shall charge, demand, collect or receive a

---

* This latter language was apparently added to ensure compliance with Public Service Law § 91 (2) (a) and § 92 (2) (d) which forbid any regulated telephone corporation from discriminating against its customers. Petitioner's claim that AT&T will offer its special pricing arrangements in a discriminatory manner is not yet ripe for review.

different compensation * * * than the charge applicable as specified in its schedule on file and in effect" (Public Service Law § 92 [2] [d]).

AT&T's proposed amendments to its tariff simply obligated it to notify customers that individualized pricing arrangements were obtainable. Contrary to the statutory mandate, the rates that would apply in these special contracts are tellingly absent from the tariff.

To effectuate the statutory filing requirement, the PSC enjoined AT&T to file a synopsis of each special arrangement after it was negotiated. These synopses, which would be accessible to the public, merely identify the customer, list the provided services, summarize contract terms and conditions, and contain a cost/revenue analysis demonstrating that estimated revenues equal or exceed AT&T's estimated incremental costs. As for the more voluminous contracts themselves, they, together with detailed cost development information, would "be available for audit by the [PSC] and staff".

This filing provision does not satisfy the unequivocal legislative directive that all rates charged be plainly stated and made available for public review (cf., *Matter of New York Tel. Co. v Public Serv. Commn.,* 59 AD2d 17, 19, *lv denied* 42 NY2d 810). The unmistakable import of this provision is that it effectively nullifies the statute in a very significant respect; it leaves no way for customers or competitors to determine the amount billed. And, any attempt to analogize the tariff at hand to one containing a fuel adjustment clause used in regulating the fuel industry is in vain, for here no fixed formula enabling one to calculate the rate is included in the filed tariff (compare, *Matter of Consumer Protection Bd. v Public Serv. Commn.,* 85 AD2d 321, 322, *appeal dismissed* 57 NY2d 673). As the PSC acted in excess of its authority, its determination cannot stand.

MAHONEY, P. J., WEISS, MIKOLL and HARVEY, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, determination annulled and petition granted.