■ HALL HEATING COMPANY, INC., et al., Appellants-Respondents, v NEW YORK STATE ELECTRIC AND GAS CORPORATION et al., Respondents-Appellants.—Casey, J. Cross appeals from an order of the Supreme Court (Crew III, J.), entered December 24, 1990 in Chemung County, which, *inter alia,* partially granted defendants' cross motion to dismiss the amended complaint for failure to state a cause of action.

During 1979 and 1980, plaintiff Hall Heating Company, Inc. (hereinafter plaintiff) entered into four contracts with defendant New York State Electric and Gas Corporation (hereinafter NYSE&G), pursuant to which plaintiff was listed as a contractor authorized to install certain energy conservation measures eligible for financing under the Home Insulation and Energy Conservation Act (Public Service Law art VII-A). In this action plaintiff and two of its sales representatives seek to recover damages from NYSE&G based upon allegations of breach of contract and violations of the State antitrust law (the Donnelly Act) and the State Administrative Procedure Act. Defendants' motion to dismiss the complaint for failure to state a cause of action was granted except as to the first cause of action asserted by plaintiff against NYSE&G. These cross appeals ensued.

The first cause of action alleges that NYSE&G breached the

contracts when, in response to customer complaints, NYSE&G commenced an investigation and advised plaintiff that pending the results of the investigation, it would not accept any new applications containing estimates from plaintiff and would review all pending applications not yet approved which contained estimates from plaintiff. The parties' contracts provide that upon receipt of the contractor's bid prices from a customer, NYSE&G will determine the project's eligibility for financing. The contracts also provide that once a contractor is placed on the list of contractors maintained by NYSE&G, he will not be removed except at the contractor's request or for cause shown after notification of the reason for removal and an opportunity to respond. Accepting as true the factual allegations of the complaint and construing it liberally in plaintiff's favor, we conclude that plaintiff's first cause of action states a cause of action for breach of contract.

As to the remaining causes of action, the complaint is patently meritless. The contracts impose no obligation upon NYSE&G to permit plaintiff to conduct home energy audits, and the question of whether NYSE&G's refusal to permit plaintiff to perform the audits violated Public Service Law article VII-A was a matter for the Public Service Commission to decide in the first instance (see, Public Service Law § 135-j; *Matter of Brooklyn Union Gas Co. v Public Serv. Commn.,* 71 AD2d 171). In any event, a utility's violation of Public Service Law article VII-A would not, in and of itself, give rise to a private cause of action for damages (see, *Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.,* 76 NY2d 207, 211-213). The third cause of action was, therefore, properly dismissed. Similar reasoning supports Supreme Court's dismissal of the fourth cause of action based upon NYSE&G's requirement that a particular form be used in preparing the estimates.

The fifth cause of action alleges a violation of the Donnelly Act (General Business Law § 340 *et seq.).* The complaint alleges that certain unilateral action by NYSE&G could have the effect of giving one contractor an advantage over another. Unilateral action is insufficient to support a claimed violation of General Business Law § 340 (see, *State of New York v Mobil Oil Corp.,* 38 NY2d 460) and we find the speculative allegations to be otherwise insufficient as well (see, *Primo Constr. v Swig Weiler & Arnow Mgt. Co.,* 160 AD2d 379, 380).

The eighth cause of action alleges that NYSE&G failed to obtain Public Service Commission approval before taking certain action, thereby violating the State Administrative Procedure Act. A violation of the State Administrative Proce-

dure Act, however, does not give rise to a private cause of action for damages *(see, Hoxie's Painting Co. v Cato-Meridian Cent. School Dist., supra).* The order should therefore be affirmed in its entirety.

Weiss, P. J., Levine and Mercure, JJ., concur. Ordered that the order is affirmed, without costs.