■ Paul Kerch, Respondent, v James A. Silvestri, Appellant.—Appeal from an order of the Supreme Court (Connor, J.), entered June 10, 1991 in Ulster County, which denied defendant's motion to dismiss the complaint for failure to serve a notice of claim.

There is no question that at the time of the accident involved herein, defendant was operating an automobile owned by Marlboro Central School District (hereinafter the District) and he was acting in the scope of his employment with the District. In denying defendant's motion to dismiss the complaint due to plaintiff's failure to timely serve a notice of claim on the District's Board of Education (hereinafter Board) pursuant to General Municipal Law § 50-e (1) (b), Supreme Court determined that although defendant is the executive officer of the Board by virtue of his status as the District's Superintendent of Schools, his receipt of the summons and complaint did not constitute delivery to the Board within the meaning of Education Law § 3023. The court then reasoned that because defendant failed to comply with the 10-day requirement of Education Law § 3023 for delivery of the summons and complaint to the Board, he is not entitled to indemnification by the District and, therefore, service of a notice of claim was not necessary.

We disagree. The record indicates that defendant did deliver the pleadings to the clerk of the Board the day after he received them. The clerk then forwarded the pleadings to the District's insurance agent. In her affidavit in support of defendant's motion, the clerk averred that her duties included the receipt and processing of official documents for the Board. Finally, the Board fails to contest proper receipt of the pleadings and the record indicates that the Board has agreed to indemnify defendant. Accordingly, defendant's motion should

have been granted as plaintiff failed to comply with the applicable statutory requirements regarding the service of a notice of claim *(see,* General Municipal Law § 50-e [1]; Education Law § 3023).

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.