■ J&E INDUSTRIES OF OSSINING, INC., Appellant, v PEEKS-KILL HOUSING AUTHORITY, Respondent, et al., Defendant. [8 NYS3d 394]—

In an action, inter alia, to recover damages for breach of contract and on an account stated, the plaintiff appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), dated May 21, 2014, which granted the motion of the defendant Peekskill Housing Authority pursuant to CPLR 3211

(a) to dismiss the complaint insofar as asserted against it for failure to comply with Public Housing Law § 157 (1).

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, inter alia, to recover damages for breach of contract and on an account stated. The plaintiff alleged that it performed certain emergency repair work, including the removal and replacement of an underground gas line, at a public housing development owned by the defendant Peekskill Housing Authority (hereinafter the Housing Authority). The Housing Authority moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to comply with the notice provisions of Public Housing Law § 157 (1). The Supreme Court granted the Housing Authority's motion. The plaintiff appeals. We affirm.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

As relevant here, Public Housing Law provides that "[i]n every action . . . prosecuted or maintained against an authority . . . the complaint . . . shall contain an allegation that at least thirty days have elapsed since the demand . . . upon which such action or special proceeding is founded [was] presented to the authority for adjustment and that it has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment" (Public Housing Law § 157 [1]; *cf.* Education Law § 3813 [1]; General Municipal Law § 50-i [1]). Compliance with the notice requirement of Public Housing Law § 157 (1) is a condition precedent to the maintenance of an action against the Housing Authority and a failure to comply

with the statute requires dismissal of such an action (*see Leon v New York City Employees' Retirement Sys.*, 240 AD2d 186, 186 [1997]).

Here, the plaintiff alleged that it complied with the notice provision of Public Housing Law § 157 (1). However, the evidentiary material submitted by the Housing Authority in support of its motion demonstrated that the alleged compliance with the notice provision of Public Housing Law § 157 (1) "was undisputedly not a fact at all" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 683 [2012]; *see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d 901, 903 [2014]). Contrary to the plaintiff's contention, the notice of claim that was served after the commencement of this action did not satisfy the applicable notice provision (*see* Public Housing Law § 157 [1]; *Graham v City of New York*, 199 AD2d 304 [1993]; *Arol Dev. Corp. v City of New York*, 59 AD2d 883 [1977]; *McGovern v City of New York*, 160 Misc 714 [Sup Ct, NY County 1935], *affd* 247 App Div 775 [1936], *affd* 272 NY 455 [1936]). Accordingly, the Supreme Court properly granted the Housing Authority's motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it for failure to comply with Public Housing Law § 157 (1). Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.