■ David Wagman et al., Respondents, v Dorothy E. Hooper, Appellant. [29 NYS3d 519]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Putnam County (Lubell, J.), dated May 7, 2015, which denied her motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion to amend the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is granted, and the plaintiffs' cross motion to amend the complaint is denied.

The plaintiff David Wagman was injured when he was struck by a vehicle operated by the defendant and owned by the Elmsford Union Free School District (hereinafter the school district). It is undisputed that at the time of the accident, the defendant was employed by the school district and was performing her work duties and acting within the scope of her

employment as a mail courier for the school district. After the plaintiffs commenced this action against the defendant, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiffs had failed to timely serve a notice of claim upon the school district, as required by General Municipal Law § 50-e (1) (b). The plaintiffs opposed the motion and cross-moved for leave to amend their complaint to allege that, at the time of the accident, the defendant's driver license had been suspended, and her operation of the subject vehicle therefore was not with the permission of the school district. The plaintiffs maintained that these allegations negated any vicarious liability on the part of the school district under Vehicle and Traffic Law § 388, thereby obviating the need to serve a notice of claim upon the school district. The Supreme Court denied the defendant's motion and granted the plaintiffs' cross motion. The defendant appeals.

The defendant demonstrated her prima facie entitlement to judgment as a matter of law by establishing that she was operating the school district's vehicle within the scope of her employment and in the performance of her work duties for the school district. As such, the school district was obligated to indemnify her for any adverse judgment in this action pursuant to the clear language of General Municipal Law § 50-b (1) and Education Law § 3023. Accordingly, the school district, although not a named defendant, was the real party in interest in this action, and the plaintiffs were required to timely serve a notice of claim upon the school district pursuant to General Municipal Law § 50-e (1) (b) as a condition precedent to commencing and maintaining this action against the defendant (*see generally Thygesen v North Bailey Volunteer Fire Co., Inc.,* 106 AD3d 1458 [2013]; *Ruggiero v Phillips,* 292 AD2d 41 [2002]; *Matter of Schmidt v Board of Coop. Educ. Servs. of Nassau County,* 253 AD2d 433 [1998]; *Kerch v Silvestri,* 186 AD2d 322 [1992]).

The plaintiffs failed to raise a triable issue of fact in opposition to the defendant's motion. Although they sought leave to amend their complaint to allege that the defendant was not a permissive user of the subject vehicle within the meaning of Vehicle and Traffic Law § 388 due to her license suspension (*but see Bernard v Mumuni,* 22 AD3d 186 [2005], *affd* 6 NY3d 881 [2006]; *Brindley v Krizsan,* 18 AD2d 971 [1962], *affd* 13 NY2d 976 [1963]), neither that statute nor the defendant's license suspension affect the school district's obligation to indemnify the defendant pursuant to General Municipal Law § 50-b (1) and Education Law § 3023 under the circumstances

presented. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for leave to amend the complaint on the ground that the proposed amendment was palpably insufficient and patently devoid of merit (*see generally Spodek v Neiss*, 104 AD3d 758 [2013]; *Douglas Elliman, LLC v Bergere*, 98 AD3d 642 [2012]; *Ricca v Valenti*, 24 AD3d 647 [2005]). Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.