Influx Capital, LLC v Pershin (2020 NY Slip Op 05191)





Influx Capital, LLC v Pershin


2020 NY Slip Op 05191


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-06738 
2019-06739
 (Index No. 501030/19)

[*1]Influx Capital, LLC, et al., appellants, 
v
Henry Pershin, et al., respondents.


Jacobowitz Newman Tversky LLP, Cedarhurst, NY (Evan M. Newman and Nathan Cohen of counsel), for appellants.
Thompson Hine LLP, New York, NY (Mendy Piekarski of counsel), for respondents Henry Pershin, Main Street Capital, LLC, and Business Capital, LLC, and Carter Ledyard & Milburn LLP, New York, NY (Jacob H. Nemon and Jeffrey S. Boxer of counsel), for respondents Fox Capital Group, Inc., and Commonwealth Merchant Advance, Inc., and Colonna Cohen Law, PLLC, Brooklyn, NY (Ashlee Colonna Cohen of counsel), respondent pro se (one brief filed).



DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated April 9, 2019, and (2) a judgment of the same court dated April 22, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, denied the plaintiffs' request for leave to replead. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The parties (except the defendant law firm Colonna Cohen Law, PLLC) are in the business of merchant cash advance wherein they provide working capital to businesses in exchange for a percentage of their future account receivables. The plaintiffs commenced this action against the defendants, inter alia, to recover damages for tortious interference with contract and prospective business advantage, abuse of process, prima facie tort, and for injunctive relief. The complaint alleged that the plaintiffs entered into various merchant agreements with third parties, and that the defendants induced the third parties to breach the agreements by providing additional funding and [*2]by financing and directing lawsuits against the plaintiffs. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated April 9, 2019, the Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint for a failure to state a cause of action, and, in effect, denied the plaintiffs' request, made in their opposition papers, for leave to replead. A judgment dated April 22, 2019, was entered, upon the order, dismissing the complaint. The plaintiffs appeal.
To plead a cause of action for tortious interference with existing contracts, a plaintiff must plead the existence of a valid contract between the plaintiff and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of the third party's breach of the contract without justification, actual breach of the contract, and damages (see Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 594). Further, the plaintiff must specifically allege that the contract would not have been breached but for the defendant's conduct (see White Knight of Flatbush, LLC v Deacons of the Dutch Congregation of Flatbush, 159 AD3d 939, 941). "'Although on a motion to dismiss the allegations in a complaint should be construed liberally, to avoid dismissal of a tortious interference with contract claim, a plaintiff must support his [or her] claim with more than mere speculation'" (Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036, quoting Burrowes v Combs, 25 AD3d 370, 373).
Here, we agree with the Supreme Court's determination that the vague and conclusory allegations of the complaint failed to state a cause of action alleging tortious interference with existing contracts (see R.I. Is. House, LLC v North Town Phase II Houses, Inc., 51 AD3d 890, 896). The complaint failed to identify all of the relevant contracts with third parties, failed to allege facts describing how those contracts were breached by the third parties and how the defendants allegedly induced those breaches, and failed to sufficiently allege that the contracts would not have been breached but for the defendants' conduct (see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1036).
"In order to state a cause of action to recover for tortious interference with prospective economic advantage, the plaintiff must allege a specific business relationship with an identified third party with which the defendants interfered" (Mehrhof v Monroe-Woodbury Cent. Sch. Dist., 168 AD3d 713, 714). The plaintiff must plead "more culpable conduct" than required for tortious interference with existing contracts (NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 621). "This standard is met where the interference with prospective business relations was accomplished by wrongful means or where the offending party acted for the sole purpose of harming the other party" (Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585; see Carvel Corp. v Noonan, 3 NY3d 182, 190). Here, we agree with the Supreme Court's determination that the allegations supporting this cause of action were insufficient to state a cause of action (see Nero v Fiore, 165 AD3d 823, 825).
We also agree with the Supreme Court's determination that the complaint failed to state a cause of action to recover damages for abuse of process, as the mere commencement of a civil action cannot serve as the basis for a cause of action alleging abuse of process (see Curiano v Suozzi, 63 NY2d 113, 116; Tenore v Kantrowitz, Goldhamer & Graifman, P.C., 76 AD3d 556, 557). "Furthermore, a malicious motive alone does not give rise to a cause of action to recover damages for abuse of process" (Goldman v Citicore I, LLC, 149 AD3d 1042, 1045 [internal quotation marks omitted]).
We agree with the Supreme Court's determination that the complaint failed to adequately allege special damages so as to state a cause of action alleging prima facie tort (see Drug Research Corp. v Curtis Publ. Co., 7 NY2d 435, 440; Britt v City of New York, 151 AD3d 606, 607). "[The] plaintiffs' nonspecific conclusory allegations do not meet the stringent requirements imposed for pleading special damages" (Matherson v Marchello, 100 AD2d 233, 235). Moreover, the complaint failed to allege that malicious intent or disinterested malevolence was the sole motive for the challenged conduct which, in any event, would be contrary to the allegations that the defendants were competitors with an economic motive for their actions (see Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 772).
As a result of the dismissal of the plaintiffs' substantive causes of action, the plaintiffs' demand for injunctive relief was also properly dismissed (see EPK Props., LLC v Pfohl Bros. Landfill Site Steering Comm., 159 AD3d 1567, 1569).
Finally, we agree with the Supreme Court's determination to, in effect, deny the plaintiffs' request for leave to replead, as the plaintiffs failed to present proposed amendments sufficient to correct the defects in the original complaint (see Prosthetic Home Servs., Inc. v Fidelis Care of N.Y. W. Region, 154 AD3d 1283, 1283; Vandashield Ltd v Isaacson, 146 AD3d 552, 554; cf. Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 27).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court