Parpounas v Ohagan (2023 NY Slip Op 02673)

Parpounas v Ohagan

2023 NY Slip Op 02673

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-08173
 (Index No. 609126/21)

[*1]Paris Parpounas, appellant, 
v
James J. Ohagan, et al., respondents.

Sanford L. Pirotin, P.C., Westbury, NY (William S. Kanas of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (Christi M. Kunzig of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated September 29, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In May 2021, the plaintiff commenced this action to recover damages for personal injuries against the defendant Three Village Central School District, incorrectly sued herein as Three Village School (hereinafter the school district), and the defendant James J. Ohagan, an alleged employee of the school district. The plaintiff alleged he was injured in a motor vehicle collision in September 2018, when a vehicle owned by the school district and operated by Ohagan collided with the vehicle owned and operated by the plaintiff. The complaint alleged, among other things, "[u]pon information and belief," that on the date of the collision Ohagan used and operated the school district's vehicle "in the scope of his employment with" the school district.
The defendants together moved pursuant to CPLR 3211(a) to dismiss the complaint. The defendants contended, inter alia, that dismissal was warranted pursuant to CPLR 3211(a) due to the plaintiff's failure to serve a notice of claim prior to commencement of the action. The defendants further contended, among other things, that the action was untimely and should also be dismissed on that ground. The plaintiff opposed the motion.
In an order dated September 29, 2021, the Supreme Court granted the defendants' motion, on the ground that the plaintiff failed to comply with a condition precedent to commencing the action by failing to serve a notice of claim upon the school district, and on the separate ground that the plaintiff commenced the action after the statute of limitations had expired. The plaintiff appeals.
"In order to maintain a tort action against a school district, a claimant must serve a notice of claim within 90 days of the alleged injury" (Mosheyev v New York City Dept. of Educ., 144 [*2]AD3d 645, 645; see Education Law § 3813[2]; General Municipal Law § 50-i[1]; Robinson v Board of Educ. of City Sch. Dist. of City of N.Y., 104 AD3d 666, 666). Satisfaction of the notice of claim requirement "is a condition precedent to bringing an action against a school district" (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 547; see Matter of C.N. v City of New York, 208 AD3d 784, 785). Failure to comply with a statutory notice of claim requirement is a ground for dismissal pursuant to CPLR 3211(a)(7) for failure to state a cause of action (see Ahmad v New York City Dept. of Educ., 177 AD3d 834, 836; Mosheyev v New York City Dept. of Educ., 144 AD3d at 646).
The service of a notice of claim upon a school district is also a condition precedent to the commencement of the action against a school district employee, if the employee's complained-of conduct occurred during the discharge of the employee's duties within the scope of her or his employment (see Education Law § 3813[2]; Wagman v Hooper, 138 AD3d 826, 827; DeRise v Kreinik, 10 AD3d 381, 381-382; see also General Municipal Law § 50-e[1][b]; Education Law § 3023). An employee acts in the scope of his or her employment when "doing something in furtherance of the duties [the employee] owes to [the] employer and where the employer is, or could be, exercising some control . . . over the employee's activities" (Matter of Sagal-Cotler v Board of Educ. of the City Sch. Dist. of the City of N.Y., 20 NY3d 671, 676 [internal quotation marks omitted]; see Lundberg v State of New York, 25 NY2d 467, 470).
Here, in light of the plaintiff's undisputed failure to serve a notice of claim upon the school district prior to commencement of the instant action, the Supreme Court properly granted the branch of the defendants' motion pursuant to CPLR 3211(a) which was to dismiss the complaint insofar as asserted against the school district (see Mosheyev v New York City Dept. of Educ., 144 AD3d at 646; see also Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d 996, 997).
The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Ohagan, on the ground that he was acting in the scope of his employment at the time of the subject accident and therefore the plaintiff was obligated to serve a notice of claim upon the school district prior to commencing an action against Ohagan (see Wagman v Hooper, 138 AD3d at 827). Contrary to the plaintiff's contention, the Supreme Court did not err in considering an affidavit submitted by Ohagan in support of the defendants' motion. Affidavits may be considered on a motion pursuant to CPLR 3211 to dismiss a complaint (see Rovello v Orofino Realty Co., 40 NY2d 633, 635; Sokol v Leader, 74 AD3d 1180, 1181). Where, as here, evidentiary material is considered on a CPLR 3211(a) motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). "[U]nless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (id. at 275; Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328-1329 [internal quotation marks omitted]). Here, Ohagan's affidavit testimony regarding his activities at the time of the subject motor vehicle accident, coupled with the plaintiff's own factual allegations (see generally McCormack v Port Washington Union Free School Dist., 214 AD2d 546, 546-547), conclusively demonstrated that no significant dispute exists regarding whether Ohagan was acting in the scope of his employment for the school district at the time of the accident, and Ohagan has "establish[ed] conclusively that plaintiff has no cause of action" (Kaufman v International Bus. Machs. Corp., 97 AD2d 925, 926-927, affd 61 NY2d 930 [internal quotation marks omitted]; see Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1149), due to the plaintiff's failure to serve a notice of claim before commencing the instant action (see Wagman v Hooper, 138 AD3d at 827; see also J & E Indus. of Ossining, Inc. v Peekskill Hous. Auth., 128 AD3d 638, 640; cf. International Shared Servs. v County of Nassau, 222 AD2d 407).
Furthermore, contrary to the plaintiff's contention, the defendants' motion was not premature, as it did not appear from the complaint or the affidavits that facts essential to justify opposition to the motion existed but could not be stated by the plaintiff (see CPLR 3211[d]; Copp v Ramirez, 62 AD3d 23, 31-32; see also Abruzzi v Bond Realty, Inc., 201 AD3d 680, 684).
The Supreme Court also properly determined that the plaintiff's causes of action were [*3]time-barred. Any tort action against a school district must be commenced "within one year and ninety days after the happening of the event upon which the claim is based" (General Municipal Law § 50-i[1]; see Education Law § 3813[2]; Yang v Oceanside Union Free School Dist., 90 AD3d 649, 649). The same statute of limitations applies to actions against a school district employee acting in the scope of his or her employment (see Migliano v Romano, 172 AD3d 1198, 1199; Griffin v Perrotti, 121 AD3d 1041, 1042). Here, it is undisputed that the plaintiff's action was commenced more than one year and ninety days after the subject motor vehicle accident.
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court