Dibble v Schroedel (2025 NY Slip Op 04083)

Dibble v Schroedel

2025 NY Slip Op 04083

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-00801
 (Index No. 61549/21)

[*1]Karl Dibble, et al., appellants, 
v
David Schroedel, et al., respondents.

Law Offices of James P. Donohue, Jr., PLLC, White Plains, NY, for appellants.
Miranda Slone Sklarin Verveniotis LLP, Mineola, NY (Maurizio Savoiardo and Richard B. Epstein of counsel), for respondents David Schroedel, Anthony Giaccio, Sleepy Hollow Local Development Corporation, LLC, Kenneth Wray, Village of Sleepy Hollow, and John Leavy.
Harris Beach, PLLC, White Plains, NY (Darius P. Chafizadeh and Christopher H. Feldman of counsel), for respondent Hudson Valley Management Consulting, LLC.

DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with existing and prospective contracts and for a violation of the Donnelly Act (General Business Law § 340), the plaintiffs appeal from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated November 21, 2022. The order granted the motion of the defendants David Schroedel, Anthony Giaccio, Sleepy Hollow Local Development Corporation, LLC, Kenneth Wray, Village of Sleepy Hollow, and John Leavy, the separate cross-motions of the defendant Hudson Valley Management Consulting, LLC, and the defendants Andrew Cortese and Cortese Construction, Inc., and the, in effect, cross-motion of the defendant James McGovern pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Earth Improvements, Inc.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Earth Improvements, Inc., is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with one bill of costs payable to the defendants David Schroedel, Anthony Giaccio, Sleepy Hollow Local Development Corporation, LLC, Kenneth Wray, Village of Sleepy Hollow, and John Leavy and the defendant Hudson Valley Management Consulting, LLC, appearing separately and filing separate briefs.
The plaintiffs, Karl Dibble, Karl Dibble, Inc., and River Rock Supply Corp., are in the business of supplying and delivering construction materials and providing construction services, among other things. The defendant Sleepy Hollow Local Development Corporation, LLC (hereinafter Sleepy Hollow Local Development), was created through a resolution of the Board of Trustees of the defendant Village of Sleepy Hollow in 2014, for the purpose of developing certain [*2]land located in the Village. The defendant Kenneth Wray, the Village's mayor, appointed the defendant David Schroedel, a former Village Trustee, as chairman of Sleepy Hollow Local Development. Subsequently, Schroedel resigned as chairman.
On February 9, 2018, the plaintiffs served a notice of claim upon the Village and Sleepy Hollow Local Development (hereinafter together the municipal defendants). In September 2021, the plaintiffs commenced this action against Anthony Giaccio, the Village Administrator and chief executive officer of Sleepy Hollow Local Development, John Leavy, a Village Trustee, Wray, Schroedel (hereinafter collectively the individual defendants), Hudson Valley Management Consulting, LLC (hereinafter Hudson Valley Management), James McGovern, Earth Improvements, Inc., the municipal defendants, Andrew Cortese, and Cortese Construction, Inc. (hereinafter together the Cortese defendants), to recover damages for tortious interference with existing and prospective contracts and a violation of the Donnelly Act (General Business Law § 340) and for injunctive relief. The complaint alleged, inter alia, that the plaintiffs entered into certain agreements with third parties and had the prospect of entering into other agreements with third parties and the municipal defendants, respectively, and that the individual defendants, Hudson Valley Management, McGovern, Earth Improvements, Inc., and the Cortese defendants, through various actions, interfered with those agreements and prospective business relations and, in the process, violated the Donnelly Act.
The municipal defendants and the individual defendants (hereinafter collectively the Village defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the grounds that the plaintiffs failed to timely serve a notice of claim and to timely commence this action in accordance with CPLR 9802 and General Municipal Law § 50-e and that the complaint failed to state a cause of action insofar as asserted against them. The Cortese defendants and Hudson Valley Development separately cross-moved, and McGovern, in effect, cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action, among other grounds. In an order dated November 21, 2022, the Supreme Court granted the Village defendants' motion, the separate cross-motions of the Cortese defendants and Hudson Valley Development, and the, in effect, cross-motion of McGovern, and, sua sponte, directed dismissal of the complaint insofar as asserted against Earth Improvements, Inc. The plaintiffs appeal.
Service of a notice of claim within 90 days after the accrual of the claim is a condition precedent to the commencement of a tort action against a municipality, and such action must be commenced within one year after the happening of the event upon which the claim is based (see CPLR 9802; General Municipal Law § 50-e; Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1213; Solow v Liebman, 175 AD2d 867, 868-869). Although service of a notice of claim upon an employee or agent of a municipality is not a condition precedent to the commencement of an action against such person, timely service of a notice of claim upon the municipality is a condition precedent in an action against such person if the municipality is obligated to indemnify them (see General Municipal Law § 50-e[1][b]; Blake v City of New York, 148 AD3d 1101, 1106; Zwecker v Clinch, 279 AD2d 572). "The obligation to indemnify depends upon whether the individual defendants were acting within the scope of their employment when they committed the alleged misdeeds" (Zwecker v Clinch, 279 AD2d at 573; see International Shared Servs. v County of Nassau, 222 AD2d 407, 409). "Failure to comply with a statutory notice of claim requirement is a ground for dismissal pursuant to CPLR 3211(a)(7) for failure to state a cause of action" (Parpounas v Ohagan, 216 AD3d 985, 986; see Singh v City of New York, 189 AD3d 1697, 1699, affd 40 NY3d 138).
Here, the tortious actions alleged in the complaint, construed liberally, were within the scope of the official duties and/or positions of the individual defendants (see McCormack v Port Washington Union Free School Dist., 214 AD2d 546, 546-547). The plaintiffs' submissions in opposition to the Village defendants' motion do not warrant a different conclusion and failed to otherwise demonstrate that the municipal defendants would not be obligated to indemnify the individual defendants. Under those circumstances, the plaintiffs' failure to comply with the notice of claims requirements warranted the dismissal of the plaintiffs' claims insofar as asserted against [*3]the individual defendants to the extent they were based upon actions undertaken by those defendants in conjunction with their official duties and/or positions, as well insofar as asserted against the municipal defendants (see CPLR 9802; General Municipal Law § 50-e; Parpounas v Ohagan, 216 AD3d at 987; cf. International Shared Servs. v County of Nassau, 222 AD2d at 408-409).
The Supreme Court also properly determined that dismissal of the complaint as to all the defendants was warranted on the ground that the plaintiffs failed to allege sufficient facts in support of the requisite elements of their causes of action (see Franklin D. Nastasi Trust v Bloomberg, L.P., 224 AD3d 804, 808). "The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Tumayeva v Geyber, 220 AD3d 634, 635 [internal quotation marks omitted]; see Kronos, Inc. v AVX Corp., 81 NY2d 90, 94; Influx Capital, LLC v Pershin, 186 AD3d 1622, 1624). "Although on a motion to dismiss the allegations in a complaint should be construed liberally, to avoid dismissal of a tortious interference with contract claim[,] a plaintiff must support his [or her] claim with more than mere speculation" (Influx Capital, LLC v Pershin, 186 AD3d at 1624 [internal quotation marks omitted]; see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036). "A claim for tortious interference with prospective business relations does not require a breach of an existing contract, but the party asserting the claim must meet a 'more culpable conduct' standard" (Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585, quoting NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 621). This standard is met where the interference with prospective business relations was accomplished by "[w]rongful means," which "include physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure," or where the offending party acted for the sole purpose of harming the other party (id. [internal quotation marks omitted]; see Stuart's, LLC v Edelman, 196 AD3d 711, 713).
Here, the complaint failed to state a cause of action for tortious interference with existing contracts with third parties, since it failed to sufficiently state how those third parties breached their respective agreements with the plaintiffs as a result of the wrongful conduct by the defendants, warranting the dismissal of that cause of action (see 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 740; Influx Capital, LLC v Pershin, 186 AD3d at 1624). Moreover, the complaint, supplemented by the plaintiffs' opposition papers, contained only conclusory and speculative allegations that the plaintiffs were not awarded certain contracts as result of alleged wrongful conduct by the defendants, which was insufficient to state a cause of action to recover damages for interference with prospective contracts (see Nero v Fiore, 165 AD3d 823, 825; Jones v Voskresenskaya, 125 AD3d 532, 533-534).
To adequately plead a violation of the Donnelly Act, the complaint "must identify the relevant market, describe the nature and effects of the purported conspiracy, allege how the economic impact of that conspiracy does or could restrain trade in the market, and set forth a conspiracy or reciprocal relationship between two or more legal or economic entities" (Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc., 65 AD3d 1312, 1315 [internal quotation marks omitted]; see Watts v Clark Assoc. Funeral Home, 234 AD2d 538, 538). "[A] claim brought under the Donnelly Act, at a minimum, must allege both concerted action by two or more entities and a consequent restraint of trade within an identified relevant product market" (Taxi Tours Inc. v Go N.Y. Tours, Inc., 41 NY3d 991, 994 [internal quotation marks omitted]). Here, the Supreme Court properly directed dismissal of the cause of action alleging a violation of the Donnelly Act, since the complaint failed to set forth allegations that satisfy those minimum requirements (see Benjamin of Forest Hills Realty, Inc. v Austin Sheppard Realty, Inc., 34 AD3d 91, 97; Hall Heating Co. v New York State Elec. & Gas Corp., 180 AD2d 957, 958).
The plaintiffs' remaining contentions are without merit.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court