Pintauro v Saybrook Univ. (2025 NY Slip Op 51199(U))

[*1]

Pintauro v Saybrook Univ.

2025 NY Slip Op 51199(U)

Decided on July 23, 2025

Supreme Court, Queens County

Risi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 23, 2025
Supreme Court, Queens County

Marguerite Pintauro, Plaintiff,

against
Saybrook University, Defendant.

Index No. 706437/2024

For the plaintiff: David B. Kaskoff, Esq.
Michael Stanton, Esq. Jessica Guzzo, Esq.
Kaskoff & Cataldo LLP
175 Pinelawn Road, Suite 100
Melville, New York 11747
631-650-1200
For the defendant:
Morgan E. Meyer, Esq.
Alston & Bird LLP
90 Park Avenue, 15th Floor
New York, New York 10016-1387 212-210-9574
Terance A. Gonsalves, Esq.
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
404-881-7983

Joseph Risi, J.

The following papers read on this motion by defendant Saybrook University ("Saybrook") to [*2]dismiss the action based on the untimeliness of plaintiff's notice of claim and lack of jurisdiction pursuant to CPLR §3211(a)(5), (a)(7) and (a)(8), and a cross-motion by plaintiff Marguerite Pintauro for an extension of time to serve a late notice of claim pursuant to General Municipal Law (GML) §50-e and Education Law §3813.
Papers Numbered
Notice of Motion - Affidavits - Exhibits. EF 24-29
Notice of Cross-Motion - Affidavits — Exhibits EF 40-47
Reply Affidavits. EF 48
Upon the foregoing papers it is ordered that this motion and cross-motion are determined as follows:
This is an action by a student residing in New York alleging breach of contract, negligence, negligent misrepresentation, and unjust enrichment, among other things, against Saybrook, a private not-for-profit university located in and founded under the laws of California. Saybrook is approved by the New York State Education Department ("the NYSED") to offer distance education in the State of New York, and offers a five-year hybrid online Ph.D. in Clinical Psychology to students nationwide. Plaintiff enrolled in defendant's Clinical Psychology Ph.D. program on March 25, 2020.
Since 2002, a statutory exemption codified under Article 153, Section 7605 of the New York Education Law ("the Exemption"), had previously provided that defendant's students could satisfy their practicums and clinical internship hours within the state of New York. However, a change to New York State Psychology and Higher Accreditation Laws in 2021 set the Exemption to expire within two years of the date in which the regulations were issued, on June 24, 2022. Plaintiff avers that as a result of the lapsed Exemption, defendant was no longer authorized to approve plaintiff's placement with the private institution where she had completed her practical hours.
Neither NYSED nor the New York State Board of Psychology ("the Board") had advised defendant that the Exemption was set to expire; defendant first learned in February 2023 from one of its students that its Clinical Psychology Ph.D. students were no longer permitted to complete their clinical internship hours in New York. Saybrook did not notify plaintiff that the Exemption had expired until May 9, 2023, when it held a meeting on the issue for its students and sent an email memorializing the updated requirement to complete practicums and internships outside of New York in order to obtain licensure.
Defendant maintains that it ensured affected students that it was working with practicum sites and requesting other relief from the Board, such as options to grandfather current students into the outdated Exemption. It also continued to email them with updates, including asking students for individual information for the Board to consider individual exemptions or other solutions. Defendant's emails thanked them for their patience as it worked through the process and encouraged them to wait until defendant had exhausted all communications with educational and professional entities involved in the matter.
By July 2023, plaintiff had retained counsel to represent her in her claims against Saybrook. Plaintiff's attorney sent NYSED a written request that it investigate plaintiff's complaints regarding defendant's Clinical Psychology program, dated July 19, 2023. On July 20, 2023, her counsel sent an attorney demand letter to defendant, contesting her tuition payments and expenses for Fall 2020 through Summer 2023, and requesting financial compensation for amounts already paid and incurred expenses.
Through the summer, defendant assured affected students that it was still exploring accommodations on their behalf. On August 9, 2023, defendant announced an emerging option partnering with another educational institution for a one-time acceptance of Saybrook's students' credits for transfer, but could not provide the name of that institution until the agreement was finalized. In December 2023, defendant announced its Memorandum of Understanding ("the MOU") with Fielding [Graduate] University ("Fielding"), by which the latter agreed to accept certain Saybrook transfer students on a case-by-case basis.
On December 13, 2023, plaintiff met with representatives from Fielding and Saybrook and learned that Fielding likely would not accept the majority of the credits she had completed through Saybrook, including the clinical hours she had completed already. At that time, plaintiff had completed 87 of the 100 credit hours necessary for the clinical psychology degree, as well as 938.45 practical hours toward her 1500-hour internship requirement while interning at a private institution in the field. According to plaintiff, Fielding could not guarantee how many of her existing credits it would accept, and also had a significantly higher credit requirement than other programs, plus an additional requirement of 600 clinical hours that would have to be completed in California.
Plaintiff served a notice of claim upon defendant on February 12, 2024, purportedly under GML §50-e and Education Law §3813, and filed her summons and complaint on March 26, 2024. Defendant seeks dismissal on grounds of untimeliness, arguing that plaintiff did not serve the notice of claim "within ninety days after the claim arises" as a condition precedent to commencing this action (GML §50-e; see also Education Law §3813).
On a motion to dismiss pursuant to CPLR §3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (Deutsche Bank Natl. Trust Co. v Natal, 217 AD3d 835, 836 [2023]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period (see Buss v Stryker Corp., 226 AD3d 959 [2d Dept 2024]; Barry v Cadman Towers, Inc., 136 AD3d 951, 952 [2d Dept 2016]).
A late notice of claim served, without leave of court, constitutes a nullity (see McErlean v City of Long Beach, 230 AD3d 670, 670 [2d Dept 2024]; Guerre v New York City Tr. Auth., 226 AD3d 897, 898 [2d Dept 2024]). Failure to comply with a statutory notice of claim requirement is also a ground for dismissal pursuant to CPLR §3211(a)(5) and (7) (see Clarke-St. John v City of New York, 164 AD3d 743 [2d Dept 2018], affg 52 Misc 3d 1217(A) [Sup Ct, Kings County 2016]; see also Dibble v Schroedel, — AD3d &mdash, 2025 NY Slip Op 04083 [2d Dept 2025]; Parpounas v Ohagan, 216 AD3d 985, 986 [2d Dept 2023]). Moreover, when a party has not moved to serve a late notice of claim within the one year and 90 days required under GML §50-e(5), the court is without jurisdiction to permit the party to comply with such requirements after the expiration of the statute of limitations (see Woodruff v New York City Tr. Auth., 233 AD3d 886, 887 [2d Dept 2024]; Jagmohan v City of New York, 14 AD3d 491, 492 [2d Dept 2005], citing Hochberg v City of New York, 99 AD2d 1028 [1st Dept 1984], affd, 63 NY2d 665 [1984]).
With respect to plaintiff's tort claims, "accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" (Murphy v Jewell, 228 AD3d 676, 678 [2d Dept 2024]). That is, tort claims accrue upon the injury being sustained, not upon the defendant's wrongful act or the plaintiff's discovery of the injury (see [*3]Broecker v Conklin Prop., LLC, 189 AD3d 751 [2d Dept 2020]). Additionally, plaintiff's breach of contract claim accrues at the time of the alleged breach, which occurs when the claimant's bill is expressly rejected, or when the party seeking payment should have viewed his claim as having been constructively rejected (see Clemens Realty, LLC v New York City Dept. of Educ., 47 AD3d 666, 666 [2d Dept 2008]; Mainline Elec. Corp. v E. Quogue Union Free School Dist., 46 AD3d 859, 860 [2d Dept 2007]; DTM Dev., Ltd. v Yorktown Cent. School Dist., 44 Misc 3d 1210(A) [Sup Ct, Westchester 2014]).
In moving to dismiss the action on grounds of untimeliness, defendant argues that plaintiff's claim arose on June 24, 2022, when the Exemption expired. Or, at the latest, defendant argues that it arose when Saybrook notified her of the Exemption's expiration. Thus, according to defendant, plaintiff's notice of claim was untimely when it was served on February 12, 2024, long past the 90-day deadline under GML §50-e, which expired on August 7, 2023, according to defendant. In contrast, plaintiff contends that the earliest possible date that her breach of contract, tort, and statutory causes of action could have accrued was December 13, 2023, the date she met with Fielding and learned that it was not a "reasonable alternative." 
Here, plaintiff was not "injured" for accrual purposes until plaintiff's realization that Fielding's transfer offer was not a reasonable educational alternative, resulting in defendant's ultimate failure to provide accommodations that would allow plaintiff to complete her degree (see Murphy, 228 AD3d at 679; Bonded Waterproofing Services, Inc. v Anderson-Bernard Agency, Inc., 86 AD3d 527, 530 [2d Dept 2011]). Likewise, defendant fails to show that plaintiff's contractual claims were constructively rejected more than 90 days/three months before plaintiff served her notice of claim, and over one year and 90 days (under GML §50-e[5]) and over one year (under Education Law §3818) before commencement of this action. Insofar as plaintiff demanded compensation for tuition and expenses from defendant due to the lapsed Exemption, and in response, defendant continued to communicate with her regarding reasonable accommodations to complete the Ph.D. program in Clinical Psychology, the parties' communications indicated a willingness to remedy the deficient performance of defendant's obligations in order to provide the degree plaintiff contracted with Saybrook to receive, without judicial intervention (see Oriska Ins. Co. v Bd. of Educ., 68 AD3d 1190, 1192 [3d Dept 2009]; cf. Blaize v New York City Dept. of Educ., 205 AD3d 871, 874 [2d Dept 2022]).
Thus, as the claims could not have accrued earlier than December 13, 2023, plaintiff's notice of claim was timely served within the 90 day window following accrual on February 12, 2024, and plaintiff subsequently commenced this action in a timely manner (see Oriska Ins. Co., 68 AD3d at 1192; cf. Singh v City of New York, 189 AD3d 1697, 1699 [2d Dept 2020], affd, 40 NY3d 138 [2023] [dismissing plaintiff's tort cause of action for failure to timely serve a notice of claim within 90 days after the claim arose]). Additionally, as plaintiff's notice of claim was timely, her cross-motion for leave to serve a late notice of claim is rendered moot.
The court has considered the parties' remaining contentions and finds them unavailing.
Accordingly, defendant's motion to dismiss on grounds of untimeliness is denied, and plaintiff's cross-motion is denied as moot.
This is the decision and order of the Court.
Dated: July 23, 2025
Hon. Joseph Risi, A.J.S.C.