Bamonte v Charatan (2025 NY Slip Op 06152)

Bamonte v Charatan

2025 NY Slip Op 06152

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2020-03601
 (Index No. 607688/15)

[*1]Carol Bamonte, etc., et al., appellants, 
v
Debrah Charatan, etc., et al., respondents, et al., defendants.

Abrams Fensterman, LLP, Lake Success, NY (Robert Abrams, Brian T. McCarthy, and Jeffrey R. Neuman of counsel), for appellants.
Allyn & Fortuna LLP, New York, NY (Nicholas Fortuna of counsel), for respondent Debrah Charatan, as executor of the estate of Robert Durst.
Davidoff Hutcher & Citron, LLP, New York, NY (William H. Mack of counsel), for respondent Debrah Charatan.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Jonathan A. Popolow of counsel), for respondent Michael S. Struk.
Patterson Belknap Webb & Tyler LLP, New York, NY (Charles Moerdler and Harry Sandick of counsel), for respondents Douglas Durst and Wendy Durst Kreeger.
Eric A. Seiff, New York, NY, respondent pro se.

DECISION & ORDER
In an action to recover damages for violation of the common-law right of sepulcher and intentional infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered March 4, 2020. The order, insofar as appealed from, granted the separate motions of Robert Durst, the defendant Debrah Charatan, the defendant Michael S. Struk, the defendants Douglas Durst and Wendy Durst Kreeger, and the defendant Eric A. Seiff pursuant to CPLR 3211(a) to dismiss the third amended complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of Robert Durst pursuant to CPLR 3211(a) to dismiss the third amended complaint insofar as asserted against him, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendant Debrah Charatan, as executor of the estate of Robert Durst, and one bill of costs to the defendants Debrah Charatan, Michael S. Struk, Douglas Durst, Wendy Durst Kreeger, and Eric A. Seiff, appearing separately and filing separate briefs, payable by the plaintiffs.
In 2015, the plaintiffs commenced this action against Robert Durst. Subsequently, the plaintiffs filed a third amended complaint against, among others, Robert Durst and the defendants Debrah Charatan, Michael S. Struk, Douglas Durst, Wendy Durst Kreeger, and Eric A. Seiff, [*2]asserting causes of action to recover damages for violation of the common-law right of sepulcher and intentional infliction of emotional distress. The causes of action concerned the disappearance and apparent death of Kathleen McCormack Durst (hereinafter Kathleen), to whom the plaintiffs are related.
Robert Durst, Charatan, Struk, Douglas Durst and Kreeger, and Seiff (hereinafter collectively the movants) separately moved pursuant to CPLR 3211(a) to dismiss the third amended complaint insofar as asserted against each of them, arguing, inter alia, that the causes of action were untimely and that the third amended complaint failed to state a cause of action. In an order entered March 4, 2020, the Supreme Court, among other things, granted the movants' motions on the ground that the causes of action were untimely. The plaintiffs appeal. During the pendency of the appeal, Robert Durst died, and Charatan, as executor of the estate of Robert Durst, was substituted for Robert Durst.
On a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint as untimely, a defendant must establish, prima facie, that the time in which to commence the action has expired (see Barbetta v Facchini, 236 AD3d 623, 625; Lambro Indus., Inc. v Gilbert, 233 AD3d 765, 766; Kaul v Brooklyn Friends Sch., 220 AD3d 939, 940-941). If the defendant meets his or her initial burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (see Barbetta v Facchini, 236 AD3d at 625; see also Cruz v Guaba, 226 AD3d 964, 965; Webster v Sherman, 165 AD3d 738, 741).
"To establish a cause of action for interference with the right of sepulcher, [a] plaintiff must establish that: (1) plaintiff is the decedent's next of kin; (2) plaintiff had a right to possession of the remains; (3) defendant interfered with plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) plaintiff was aware of the interference; and (6) the interference caused plaintiff mental anguish" (Turner v Owens Funeral Home, Inc., 189 AD3d 911, 912-913 [internal quotation marks omitted]). A cause of action to recover damages for violation of the right of sepulcher does not accrue with the negligent or intentional act, but at the time the plaintiffs become "aware of the defendants' actions and suffer[ ] mental anguish as a result" (Dixon v City of New York, 76 AD3d 1043, 1044; see Melfi v Mount Sinai Hosp., 64 AD3d 26, 39-40; see also Rugova v City of New York, 132 AD3d 220, 230).
Contrary to the Supreme Court's conclusion, the statute of limitations on the causes of action did not begin to run in 1982 when Kathleen disappeared. At that time, the plaintiffs merely suspected Robert Durst's alleged interference with Kathleen's body, but they cannot be said to have been aware in a legally cognizable manner of such interference or to have suffered the mental anguish that is presumed to have resulted from knowledge of such interference with the remains of a next of kin. The movants otherwise failed to demonstrate, prima facie, that the plaintiffs became aware of the movants' alleged interference with Kathleen's remains and suffered mental anguish as a result more than three years prior to the commencement of this action (see Barbetta v Facchini, 236 AD3d at 625; Rugova v City of New York, 132 AD3d at 230; Melfi v Mount Sinai Hosp., 64 AD3d at 39-40). Accordingly, the court should not have granted dismissal of the third amended complaint insofar as asserted against the movants as untimely.
Although the third amended complaint insofar as asserted against Douglas Durst, Kreeger, Charatan, individually, and Seiff was not subject to dismissal pursuant to CPLR 3211(a)(5), nevertheless, the allegations in support of the causes of action insofar as asserted against those defendants were speculative and conclusory. Accordingly, dismissal of the third amended complaint insofar as asserted against those defendants was warranted pursuant to CPLR 3211(a)(7) (see Pinkesz v Massachusetts Mut. Life Ins. Co., 234 AD3d 886, 888; see also Bailey v City of New York, 228 AD3d 713, 714).
Dismissal of the third amended complaint insofar as asserted against Struk was also warranted pursuant to CPLR 3211(a)(7). The City of New York is obligated to indemnify Struk, its employee, for any adverse judgment in this action pursuant to General Municipal Law § 50-k(3). [*3]Accordingly, although the City was not a named defendant, the plaintiffs were required to timely serve a notice of claim upon the City as a condition precedent to commencing and maintaining this action against Struk (see id. §§ 50-e[1][b]; 50-i[1]; Wagman v Hooper, 138 AD3d 826, 827). Contrary to the plaintiffs' contention, this Court is empowered to address this issue, which was fully argued by the parties but not addressed by the Supreme Court (see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 949).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.

2020-03601 DECISION & ORDER ON MOTION
Carol Bamonte, etc., et al., appellants, v Debrah
Charatan, etc., et al., respondents, et al., defendants.
(Index No. 607688/15)

Appeal from an order of the Supreme Court, Nassau County, entered March 4, 2020. Motion by the respondent Debrah Charatan, as executor of the estate of Robert Durst, inter alia, to strike stated portions of the reply brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated May 29, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition and in relation thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the reply brief on the ground that they refer to matter dehors the record is granted to the extent that the material on page 3 beginning with the words "when Robert Durst" and ending with the words "continuous wrongs are meritorious," the words on page 3 "the indictments for Kathie's murder," the material on pages 11-12 beginning with the words "A criminal action" and ending with "(internal citations omitted)," the words on page 14 "and indictment in 2021," and the material on page 17 beginning with the words "Any argument that" and ending with the words "to proceed on the merits" are stricken and have not been considered in the determination of the appeal; and it is further,
ORDERED that the motion is otherwise denied.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court